IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM ALLEN WHITLOW,
Inmate No. 513215,
    Plaintiff,

v.   Case No. 3:17cv710/MCR/EMT

SERGEANT SUGGS, et al.,
    Defendants.
_____/

## ORDER, REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's civil rights complaint filed on September 25, 2017, pursuant to 42 U.S.C. § 1983 (ECF No. 1), and a motion seeking leave to proceed in forma pauperis (ECF No. 2). For the limited purposes of this Report and Recommendation, leave to proceed in forma pauperis will be granted.

Because Plaintiff is a prisoner seeking to proceed in forma pauperis, the court is required to dismiss the complaint if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Upon review of the complaint, the court finds this case should be dismissed as malicious.

Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (ECF No. 1 at 3–4). In Question A of Section IV, which requests information regarding any previous cases Plaintiff might have filed in state court that deal with the same or similar facts as those in the instant action, Plaintiff provided a somewhat unintelligible answer that indicates he is unable to provide information regarding his previous cases (*id*. at 3). Question B of Section IV asks: "Have you initiated other actions in **federal** court dealing with the same or similar facts/issues involved in this action?" Plaintiff wrote the answer "this one also" in response to the question (*id*.). Question C of Section IV asks, "Have you initiated other actions (besides those listed above in Questions (A) and (B)) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*id*. at 4). Plaintiff provided the answer "antinym" to this question. Question D asks, "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?" Plaintiff provided the answer "Fudrucers bunch" (*id*. at 4).

At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**" (ECF No. 1 at 13).

As routinely recognized by this court, the information from Section IV of the form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

<u>Spires v. Taylor</u>, Order of Dismissal, Case No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000). Further, because prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.[1]

---

[1] "[T]he task of counting strikes involves more than sophomoric arithmetic. Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, mailciousness or failure to state a claim upon which relief may be granted."

Upon review of the docket, this court takes judicial notice of a case previously filed by Plaintiff in this court, Whitlow v. Oliver, Case No. 5:17cv23/MCR/CJK. In dismissing that case, the court noted the following previously-filed cases concerning the conditions of Plaintiff's confinement at various institutions within the Florida Department of Corrections:

- Whitlow v. Rummel, Case No. 3:16cv470/LAC/EMT, dismissed as malicious on October 27, 2016;

- Whitlow v. Coker, Case No. 3:16cv471/RV/CJK, dismissed prior to service, on December 19, 2016, for plaintiff's failure to comply with an order of the court;

- Whitlow v. Samples, Case No. 5:16cv263/MMP/GRJ, dismissed prior to service, on December 21, 2016, for plaintiff's failure to comply with an order of the court;

- Whitlow v. Coker, Case No. 3:16cv510/MCR/CJK, dismissed prior to service on February 3, 2017, for plaintiff's failure to comply with an order of the court;

---

Rivera v. Allin, 144 F.3d 719, 726 (11th Cir. 1998) (citing 28 U.S.C.A. § 1915(g)), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

Case No: 3:17cv710/MCR/EMT

- Whitlow v. Samples, Case No. 5:16cv347/WTH/GRJ, dismissed as malicious on February 8, 2017;

- Whitlow v. Lambert, Case No. 3:16cv716/MCR/EMT, pending; and

- Whitlow v. Rumel, Case No. 3:16cv717/MCR/CJK, dismissed prior to service on June 15, 2017, for plaintiff's failure to comply with an order of the court.

Whitlow v. Oliver, Case No. 5:17cv23/MCR/CJK, Report and Recommendation dated May 2, 2017 (ECF No. 13 at 6–7; *see also* ECF No. 17, Order Adopting the Report and Recommendation). As the court noted in Whitlow v. Oliver, all of the foregoing cases should have been disclosed on the complaint form but were not, even despite the fact that some of the cases were filed only a short time before or at the same time as the complaint in question (*id.*).[2] It is also noted that Plaintiff did not disclose these cases despite being instructed to do so in an earlier order of the court (*id.,* ECF No. 4 at 1–2).

As for the instant case, Plaintiff again identifies no previous cases and instead makes nonsensical or vague comments about his inability or, frankly, what seems to be his unwillingness to do so. Moreover, the instant complaint was filed only a few

---

[2] The court also positively identified the above-described cases as being filed by Plaintiff by both his name and inmate number, DC#513215. This case is no different.

Case No: 3:17cv710/MCR/EMT

months after Whitlow v. Oliver was dismissed, during which time that court—conveniently enough—recounted for Plaintiff the previous cases identified above.³ Yet Plaintiff did not report them in his current complaint.

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff falsely or evasively responded to questions on the complaint form, as detailed above. Plaintiff knew, or from reading the complaint form should

---

³ Additionally, the court in Whitlow v. Oliver stated:

> Upon the filing of every *pro se* case, the court . . . instructs the litigant to "keep one copy of all documents you file or receive in this case for your personal records." It is plaintiff's responsibility to maintain a record of the cases he has filed and the results of that litigation. The court advised plaintiff that if he "does not have sufficient records or cannot remember the cases he has filed, he must contact the relevant court(s) to determine those cases so that he can make a full, complete, and honest accounting of them, including whether any case was dismissed as frivolous, malicious, for failure to state a claim, or prior to service." Plaintiff was instructed to retain a copy of any such inquiry letter (and any response he received) as evidence that he made a reasonable, good-faith effort to disclose his litigation history.

Case No. 5:17cv23/MCR/CJK, Report and Recommendation dated May 2, 2017 (ECF No. 13 at 4–5).

Case No: 3:17cv710/MCR/EMT

have known, that disclosure of his prior actions was required and that dismissal of the action may result from his answers.[4] If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause <u>without prejudice</u>.[5] *See*, *e.g.*, Hanson v. McCaul, No. 4:09cv126-SPM/WCS, 2009 WL 3010481, at **1–2 (N.D. Fla. Sept. 16, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose two federal cases (both of which were previously dismissed for failure to comply with court orders) on complaint form which required prisoner litigants to list all other cases

---

[4] Indeed, section IV of the complaint form includes the following notice: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* Doc. 1 at 5) (emphasis and capitalization in original).

[5] Dismissal without prejudice is not too severe a sanction under these circumstances. Plaintiff is free to re-file if he so chooses. *See* Order of Dismissal, Spires, No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000).

Case No: 3:17cv710/MCR/EMT

that plaintiff had previously initiated in state and federal court); Thomas v. Ammons, No. CV409-139, 2009 WL 5174109, at **1–3 (S.D. Ga. Dec. 23, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose four federal cases (two of which were previously dismissed for failure to comply with court orders and the other two of which were previously voluntarily dismissed by plaintiff) on complaint form which demanded litigation information regarding "any lawsuits brought in federal court . . ."). Plaintiff should also be warned that such continued abuse of the judicial process in the future will not be ignored and may result in more severe and long-term sanctions. *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is **ORDERED**:

That Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is **GRANTED** for the limited purposes of this Report and Recommendation.

And it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious.

At Pensacola, Florida, this 19th day of October 2017.

          /s/ *Elizabeth M. Timothy*
          **ELIZABETH M. TIMOTHY**
          **CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.